**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION**

| | | |
|---|---|---|
| **CALVIN EDDIE SIZEMORE,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:21CV00331 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **HAROLD CLARKE, DIRECTOR**, | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Calvin Eddie Sizemore, Pro Se Petitioner; Maureen E. Mshar, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Richmond, Virginia, for Respondent.*

Petitioner Calvin Eddie Sizemore, a state inmate proceeding pro se, has filed a Petition for Habeas Corpus (Petition) pursuant to 28 U.S.C. § 2254, challenging his 2016 state convictions.  Respondent has filed a Motion to Dismiss and Rule 5 Answer, to which Sizemore has responded.  Upon review of the record, I find that the Petition is untimely and the Motion to Dismiss must be granted.

I.

Sizemore pled guilty in the Circuit Court of Alleghany County, Virginia, to multiple charges of obtaining money by false pretenses and attempting to obtain money by false pretenses.  He was sentenced by judgment of June 28, 2017, to a total term of 10 years, with nine years suspended, together with five years of probation following his release from prison.  He did not appeal.  On  October 30,

2019, after conducting a hearing at which Sizemore was represented by counsel, the circuit court revoked his probation and sentenced Sizemore to the previously suspended sentence of nine years.[1] The renovation was based on Sizemore's intervening convictions for drug offenses and failure to register as a sex offender. Sizemore appealed, but the Court of Appeals of Virginia denied his petition for appeal. *Sizemore v. Commonwealth*, No. 1831-19-3 (Va. Ct. App. May 8, 2020).

Sizemore initiated the present federal habeas proceeding by placing the Petition in the prison mailing system on May 20, 2021. Pet. 16, ECF No. 1. In the Petition he complained of the ineffectiveness of his attorney in the 2017 prosecution. The offenses in that case revolved around Sizemore's obtaining money from fellow inmates with promises to prepare legal documents for them and representing to them that he was a lawyer. Sizemore asserted that his counsel was ineffective in advising him to plead guilty to these crimes because "to my personal knowledge" those inmates he assisted never made a complaint. *Id*. at 7. Respondent contends in the Motion to Dismiss that the Petition is untimely.

---

[1] Under Virginia sentencing procedures, a trial court "may revoke [a] suspension for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Va. Code Ann. § 19.2-306(A). "In revocation appeals, the trial court's findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion." *Jacobs v. Commonwealth*, 738 S.E.2d 519, 521–22 (Va. Ct. App. 2013) (internal quotation marks and citation omitted).

II.

A person convicted of a state offense has one year to file a § 2254 petition,

starting  from the latest of the following dates:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1).  In addition, "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Equitable tolling of the statute of limitations for filing a habeas petition is

available in "those rare instances where — due to circumstances external to the

party's own conduct — it would be unconscionable to enforce the limitation period

against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d

325, 330 (4th Cir. 2000).  Generally, a petitioner seeking equitable tolling must

demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Mere unfamiliarity with the legal process does not support granting such extraordinary relief. *Harris*, 209 F.3d at 330.

The fact that Sizemore's suspended sentence was revoked in 2019 and his appeal of the revocation denied in 2020 does not extend his limitations period for attacking his 2017 convictions. *See King v. Ryan*, No. CV-15-0265-PHX-NVW (ESW), 2016 WL 536654, at *3 (D. Ariz. Jan. 19, 2016) (citing cases), *R. & R. accepted,* 2016 WL 524714 (Feb. 10, 2016).

Sizemore filed a state habeas petition in the Supreme Court of Virginia on February 27, 2020, which was denied on April 9, 2021, and he claims that this filing extended the limitations period. However, that proceeding involved claims of ineffective assistance of counsel as to Sizemore's intervening convictions for drug offenses and failure to register as a sex offender, none of which are the subject of the present Petition. *See Sizemore v. Clarke*, No. 200313 (Sup. Ct. Va. Apr. 9, 2021).

In his response mailed to the court on September 27, 2021, Sizemore seeks to add new claims relating to the effectiveness of the attorney who represented him in the 2019 revocation proceedings, in addition to those claims made in his Petition

that involve only his 2016 convictions.  Mot. to Oppose Mot. to Dismiss, ECF No. 19.   But even if that were treated as a new petition, it would be barred by § 2244(d)(1)(A), since the record does not indicate that Sizemore sought timely review by the Supreme Court of Virginia of the Court of Appeals of Virginia's May 8, 2020, decision.   Sizemore's appeal of his revocation thus became final after 30 days, *see* Va. Sup. Ct. R. 5:14(a), more than one year from the filing of his response.

I find that the Petition is untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).  No statutory extension applies nor is equitable tolling or other tolling principle shown.

III.

For these reasons, the Motion to Dismiss by Respondent, ECF No. 10, is GRANTED and the Petition is DISMISSED.

A Certificate of Appealability is DENIED.

A separate Judgment will be entered.

It is so **ORDERED**.

ENTER:   March 28, 2022

/s/  JAMES P. JONES
Senior United States District Judge